**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117802

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION**



| | |
|---|---|
| Tracy Welsh, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Eastern Account System of Connecticut, Inc.,<br><br>　　　　　　　　　　Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Tracy Welsh, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Eastern Account System of Connecticut, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff Tracy Welsh is an individual who is a citizen of the State of New Jersey residing in Essex County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Eastern Account System of Connecticut, Inc., is a Connecticut Corporation with a principal place of business in Fairfield County, Connecticut.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated December 14, 2018. (A true and accurate copy is annexed hereto as **<u>Exhibit 1</u>.**")

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter instead of being sent to the Plaintiff was sent to the neighbor.

24. Plaintiff's neighbor did not know that collection activities were launched against the Plaintiff, before such Letter was wrongly sent.

25. The Debt Collection Letter's erroneous addressing, caused Plaintiff considerable shame and agony.

26. Plaintiff never gave Defendant consent to communicate with any third party in connection with the collection of the Debt.

27. Plaintiff did not give Defendant any express or implied permission to send Plaintiff's Debt Collection Letter to any third party.

28. Defendant's conduct invaded the privacy protections afforded to Plaintiff through the FDCPA.

29. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

30. Defendant's actions as described herein violate 15 U.S.C. § 1692c(b).

31. Plaintiff was caused significant embarrassment and humiliation as a result of the Defendant's conduct.

32. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

33. Plaintiff brings this action individually and as a class action on behalf of all

persons similarly situated in the State of New Jersey.

34. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

35. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

36. The Class consists of more than thirty-five persons.

37. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

39. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

40. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

4

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: July 3, 2019

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117802